THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TOBIAH SKYLER BROADBENT,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER HARKER,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:24-CV-243-RJS<br><br>Chief District Judge Robert J. Shelby |

Now before the court is Plaintiff's Motion to Amend/Correct the Complaint.[1] Plaintiff,

self-represented inmate Tobiah Skyler Broadbent, brings this civil-rights action, *see* 42 U.S.C.S.

§ 1983 (2024).[2] Having now screened the Complaint, (ECF No. 4), under its statutory review

function, 28 U.S.C.S. § 1915A (2024),[3] the Court denies Plaintiff's Motion to Correct the

---

[1] Dkt. 8.

[2] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2024).

[3] The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2024).

Complaint to add another officer as currently requested and orders Plaintiff to file an amended

complaint to cure the following deficiencies in the current Complaint before further pursuing

claims.

## COMPLAINT'S DEFICIENCIES

Complaint:

**(a)** does not properly affirmatively link Defendant Harker to each alleged civil-rights violation.
(See below.)

**(b)** does not adequately link to Defendant Harker *each element* of claim of excessive force. (See
below.)

**(c)** does not adequately link to Defendant Harker *each element* of claim of unconstitutional
search and seizure. (See below.)

**(d)** mentions defamation only in passing in the section "REQUEST FOR RELIEF," without
stating it as a cause of action in the Complaint's text and without appearing to recognize that
defamation is not a federal claim.

**(e)** has claims possibly based on current confinement; however, the complaint was apparently not
submitted using legal help Plaintiff is constitutionally entitled to by his institution--i.e., the
prison contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be
given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to
ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims
challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S.
817, 828 (1977) (emphasis added)).

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a

short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the

relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of

what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network,*

*Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any part of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). Additionally, an amended complaint may not be added after filing without moving for amendment. Fed. R. Civ. P. 15.

(ii) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(iii) The complaint must clearly state what each individual defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250

(10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(iv) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id.*").

(v) Plaintiff may not name an individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(vi) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vii) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2024). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Affirmative Link**

"[A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the

defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim"). *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

• **Excessive Force**

"An excessive force claim involves two prongs: (1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir.

2018) (brackets and internal quotation marks omitted). An official's state of mind is sufficiently culpable "if he uses force maliciously and sadistically for the very purpose of causing harm, rather than in a good faith effort to maintain or restore discipline." *Id.* (internal quotation marks omitted).

We have long recognized "that a prison guard, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force without having to second-guess himself." *Sampley v. Ruettgers*, 704 F.2d 491, 496 (10th Cir. 1983). So "when prison officials must act to preserve internal order and discipline, we afford them wide-ranging deference." *Redmond*, 882 F.3d at 938 (internal quotation marks omitted). Although this deference does not protect "actions taken in bad faith and for no legitimate purpose," it does prevent us from substituting our "judgment for that of officials who have made a considered choice." *Id.* (internal quotation marks omitted). *Lehman v McKinnon*, No. 20-1312, 2021 U.S. App. LEXIS 27250, at *5-6 (10th Cir. Sept. 10, 2021) (unpublished).

• **Unconstitutional Search and Seizure**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Fourth Amendment rights are enforceable against state actors through the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Accordingly, "a search conducted without a warrant … [or] pursuant to consent" is illegal. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). However, "[o]fficial conduct that does not 'compromise any legitimate interest in privacy' is not a search subject to the Fourth Amendment." *Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (*quoting United States v. Jacobsen*, 466 U.S. 109, 123 (1984)). Therefore, in addition to the absence of a warrant or consent, a plaintiff must show 1) an expectation of privacy in the

place searched or property seized, and 2) that the expectation of privacy is objectively reasonable. *See Katz v. U.S.*, 389 U.S. 347, 516 (1967) (Harlan, J., concurring) ("[T]here is a twofold requirement, first that a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that the society is prepared to recognize as 'reasonable.'"). A reasonable expectation of privacy is one "that has a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *U.S. v. Jones*, 565 U.S. 400, 408 (2012) (*quoting Minnesota v. Carter*, 525 U.S. 83, 88 (1998)).

## ORDER

**IT IS HEREBY ORDERED** as follows:

**(1)** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document. (ECF No. 4.)

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use to pursue an amended complaint.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** The amended complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, filed April 12, 2024, (ECF No. 4). The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations involving a different incident, Plaintiff may do so only in a new complaint in a new case. If an amended complaint is filed, the Court will

screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

(5) Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

(6) Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

(7) No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the court clerk.

(8) Plaintiff must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

**(9)** Plaintiff's motion "to add an officer's name to the lawsuit" is **DENIED**.[4] (ECF No. 8.)

When Plaintiff amends his complaint, he may choose to add the other officer as a defendant only

if he follows the guidance in this Order and determines that he is validly able to link each

element of a cause of action to the other officer's behavior.


DATED this 7th days of February 2025.

BY THE COURT:


_____

CHIEF JUDGE ROBERT J. SHELBY
United States District Court

---

[4] Dkt. 8.